## THE PEOPLE v. LÓPEZ.

### APPEAL from the District Court of Humacao.

No. 5.—Decided June 9, 1905.

PERJURY—DEFINITION.—The crime of perjury is committed when a person having sworn to testify, declare, depose or certify truly before any competent tribunal or official in any of the cases in which such an oath may be required, wilfully testifies to the truth of any material matter which he knows to be false.

INFORMATION—EXCEPTION.—Exceptions to an information which are not alleged in due time in the trial court will not be considered by the appellate court.

The facts are stated in the opinion.

*Messrs. Acuña and Méndez* for appellant.

*Mr. Rossy, Fiscal,* for The People.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Antonio López from a judgment of the District Court of Humacao sentencing him in a prosecution for perjury to one year of imprisonment at hard labor in the Penitentiary of San Juan, and to pay the costs.

On August 20th of last year the *fiscal* of said court filed an information, which he signed and swore to, drawn in the following terms:

"In the name and by the authority of The People of Porto Rico. The People of Porto Rico against Antonio López. In the District Court of Humacao, August 20, 1904. Antonio López is accused by information filed by the *fiscal* of the crime of perjury (a felony), committed as follows: On or about the 26th day of July of this year, in the city of Humacao, capital of the district of Humacao, in the district court of the same name, the judge thereof being the Hon. James A. Erwin, while the oral trial of the cause prosecuted by *The People of Porto Rico* v. *Manuel Estrada,* for the crime of murder in the second degree was being held, Antonio López, the accused, appeared as a witness for The People of Porto Rico, and was duly sworn before said judge and court by the secretary, Jesús L. Pereyó, who was legally empowered to administer oaths, to tell the truth, the whole truth and nothing but the truth in his testimony. That he having been asked the question, whether or not he had seen Estrada, and also whether or not he had seen any arms on any of them, the accused, Antonio López, then and there declared, among other things, knowingly, falsely, wilfully and maliciously, that he had not seen arms on any of them or that any of them had drawn a knife, while, as a matter of fact, he had seen the said Estrada draw a knife upon his victim and stab him with it; by which statement the accused, Antonio López, knowingly, falsely, wilfully and maliciously committed the crime of perjury. This act is contrary to the law and against the peace and dignity of The People of Porto Rico."

Upon this information the trial was held before a jury, at the election of the accused, and after the evidence had been heard and the oral arguments made by the parties, the jury, after being charged by the judge, returned a verdict of guilty, Antonio López being thereupon sentenced as stated.

1. Violation of section 117 of the Penal Code, because the essential contradiction which said section requires in the commission of the crime of perjury does not exist between the testimony of Antonio López in the Justice Court of Caguas and that which he gave at the trial.

2. Violation of section 243 in connection with 245 of the Code of Criminal Procedure, because when the accused testified as a witness in the proceedings in which the perjury was committed, the *fiscal* did not inform him that on another occasion he had made different statements, nor did he show him the deposition he had made one year before in the Justice Court of Caguas, at the time of the preliminary proceedings in the cause against Manuel Estrada, for the crime of murder in the second degree.

3. Violation of section 16 of the Organic Act, temporarily to provide revenues and a civil government for Porto Rico, and for other purposes, because the information has not been filed in the name of "The United States of America, *ss:* The President of the United States."

The alleged violation of section 117 of the Penal Code does not exist, because it appears from the record that Antonio López testified under oath in the Justice Court of Caguas "that Estrada was insistently asking that he should be waited on, and this gave rise to Caraballo jokingly calling him froward, both of them continuing a discussion along the same lines until the former suddenly drew a knife and threw himself on the latter, stabbing him with it; whereupon Acosta and Caraballo took the knife away from him with which he had wounded the latter, causing him so intense a hemorrhage that he died in a few minutes." Between this deposition and the testimony of Antonio López, also given under oath, at the time of the trial of Manuel Estrada for the crime of murder in the second degree, there are material contradictions, as a comparative examination of both depositions will show; and it being the truth, it is evident that López, in not adhering thereto, notwithstanding the oath taken, committed the crime of perjury defined and punished by said section.

With regard to sections 243 and 245 of the Code of Criminal Procedure, also alleged to have been violated, they are applicable to a case in which it is sought to impeach the ver-

acity of a witness; but compliance with such sections is not a necessary requisite for the proof of the crime of perjury, such proof consisting in the demonstration by legal means that the accused, having sworn to testify, declare, depose, or certify truly before any competent tribunal, officer or person, in any of the cases in which such oath may by law be administered, stated as true any material matter which he knew to be false, and these and none other are the elements which make up the crime of perjury, according to section 117 of the Penal Code.

With regard to the violation of section 16 of the Organic Act temporarily to provide revenues and a civil government for Porto Rico, and for other purposes, such a violation was not pleaded in due time by way of a demurrer to the information, and consequently we shall not enter upon its discussion and determination.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal also against the party appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.